IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| AMERICAN SOUTHERN INSURANCE COMPANY | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 17-0385-CG-N |
| PEAVY CONSTRUCTION COMPANY, INC., JOHN R. PEAVY, AND KATHLEEN PEAVY, Individually, Separately and Severally, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Plaintiff's motion for summary judgment and brief in support thereof (Docs. 34 and 35), Defendants' response (Doc. 38), and Plaintiff's reply (Doc. 39). For the reasons explained below, Plaintiff's motion for summary judgment is due to be granted.

### PROCEDURAL AND FACTUAL BACKGROUND[1]

This action arose as a result of payment and performance bonds that were issued by American Southern Insurance Company ("ASIC") on projects to be

---

[1] The facts underlying this action are derived from Plaintiff's Motion for Summary Judgment, supporting brief, and exhibits. (Docs. 34 and 35). Defendants did not file a formal response to Plaintiff's motion and have not disputed the facts presented by Plaintiff. (Doc. 37).

1

performed by Peavy Construction Company, Inc. (Doc. 1; Doc. 55-1).[2] As a condition precedent to ASIC issuing performance and payment bonds on behalf of Peavy Construction Company, Defendants John and Kathleen Peavy ("Defendants") were required to execute a General Agreement of Indemnity ("GAI") as Indemnitors in favor of ASIC. (Doc. 35-2). The GAI was executed on March 1, 2013 by John Peavy as the President of Peavy Construction, John Peavy individually, and Kathleen Peavy, individually. (*Id.*)

> Pursuant to the GAI, Defendants agreed to
>
> indemnify and save harmless the Surety from and against any and all liability, loss, costs damages or expenses of whatever nature or kind and arising out of or in any way connected with such bonds, including but not limited to fees of attorneys and other expenses, cost and fees of investigation, adjustment of claims, procuring or attempting to procure the discharge of such bonds and attempting to recover losses or expenses from indemnitors or third parties whether the Surety shall have paid or incurred same, as aforesaid.

(*Id.* at ¶ 2). Defendants granted ASIC, "the right in its sole discretion to determine whether any suits or claims shall be paid, compromised, defended, prosecuted or appealed and to pay out such sums as it deems necessary to accomplish any of those purposes and its determination as to whether such suit or claim should be settled or defended shall be binding and conclusive on Indemnitors." (*Id.* at ¶ 2.A.). Further, the GAI dictated that, "in any claim or suit hereunder, an itemized statement of

---

[2] National Claims Services, Inc., handles all bond claims made against performance and payment bonds issued by ASIC, and National Claims Services, Inc. is authorized to bind and act on behalf of ASIC with respect to any bond claim. (*Id.*)

aforesaid loss and expense, sworn to by an officer or agent of Surety, or the vouchers or other evidence of disbursement by Surety, shall be prima facie evidence of the fact and extent of the liability hereunder of the Indemnitors." (*Id*.) Defendants additionally agreed, "if the Surety has cause to enforce the terms of this Indemnity Agreement by filing suit against Indemnitors to recover sums due under this Agreement, it is understood by the Principal and the Indemnitors that the Surety may recover its further expenses of such litigation, accrued interest and including 25% of such sums as attorneys' fees." (*Id*. at ¶ 2.B.).

ASIC received payment bond claims on Peavy Bond numbers 61154, 61894, 61880, 61176, 61168, and 61876. (Doc. 35-1 at 3, 7). The City of Mobile also made a performance bond claim against Performance Bond No. 61880. (*Id*.) ASIC has incurred losses in the satisfaction of payment and performance bond claims on bonds issued on behalf of Peavy Construction Company in the amount of $266,716.51 (Doc. 35-1 at 1-53). ASIC has paid attorneys' fees and costs associated with the litigation of this action in amount of $12,609.97 through November 12, 2018, has been billed for fees in the amount of $2,679.00 through November 29, 2018; and continues to incur fees while this action is ongoing.  (Doc. 35-1 at 54-57).

Plaintiff filed its Complaint against Defendants on August 21, 2017, asserting causes of action for common law indemnity, statutory indemnity and contractual indemnity and seeking reimbursement, attorney's fees and cost for payments made on performance bonds issued on behalf of Peavy Construction

3

Company. (Doc. 1).³ On January 2, 2018 and May 3, 2018 respectively, Defendants John Peavy and Kathleen Peavy filed their Answers to the Complaint and Amended Complaint (Doc. 11, 12, 26, and 27). Peavy Construction did not file an Answer and a default judgment was entered against the company on July 11, 2018. (Doc. 25). Thereafter, Plaintiff served Defendant John and Kathleen Peavy with Requests for Admissions to which Defendants did not respond. (Doc. 35 at 2; *see also* docket sheet, generally). On November 27, 2018, Plaintiff sought to have this Court deemed its unanswered Requests for Admission admitted, which this Court determined was unnecessary. (Docs. 31 and 32).

On January 24, 2019, Plaintiff filed the subject motion for summary judgment. (Doc. 34). This Court entered an Order setting the response times for Plaintiff's Motion requiring Defendants to respond by February 21, 2019. (Doc. 36). Defendants did not file a response. This Court again entered an Order allowing Defendants to respond to Plaintiff's motion by March 8, 2019. (Doc. 37). On March 8, 2019⁴, Defendants hand delivered a letter to this Court that addresses this action but did not address the motion for summary judgment or offer any additional facts. Doc. 38). Plaintiff timely repl(ied on March 22, 2019. (Doc. 39).

---

³ Plaintiff's Complaint was amended on March 16, 2016, but no substantive changes were made. (Doc. 23 and 23-1).
⁴ Defendants' hand delivered letter was not filed on March 8, 2019 and the undersigned did not receive it until March 11, 2019. However, this Court will consider the letter as a timely response.

## DISCUSSION

**A. Summary Judgment Standard**

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted: "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.' " *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting *Anderson*, 477 U.S. at 249). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, at 249-250. (internal citations omitted).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *See Anderson*, 477 U.S. at 251-252. The moving party bears the burden of proving that no genuine issue of material fact exists. *O'Ferrell v. United States*, 253 F.3d 1257, 1265 (11th Cir. 2001). In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party,

and resolve all reasonable doubts about the facts in its favor. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B&B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." *Howard v. BP Oil Company*, 32 F.3d 520, 524 (11th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response .... must be by affidavits or as otherwise provided in this rule be set out specific facts showing a genuine issue for trial." *Vega v. Invsco Group, Ltd.*, 2011 WL 2533755, *2 (11th Cir. 2011). "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the

record taken as a whole." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

**B. Indemnification**

Plaintiff asserts the summary judgment is due to be granted because "it is undisputed that as a condition to issuing the bonds on the Peavy Construction projects, the surety, ASIC, required Defendants, John and Kathleen Peavy to execute, as indemnitors, GAI."(Doc. 35 at 6). It is additionally undisputed that both John and Kathleen Peavy signed in their individual capacities, respectively. (Doc. 35 at 6; Doc. 35-2 at ¶¶ 2, 2.A, and 2.B). Neither John nor Kathleen Peavy have disputed that they signed the GAI or that they are bound by its terms.

Under Alabama law, a surety's right of reimbursement from its principal for losses incurred on bonded obligations is established by common law, contract, and statute. *See SouthTrust Bank of Ala., N.A. v. Webb–Stiles, Co., Inc.*, 931 So. 2d 706, 712 (Ala. 2005) ("When a surety satisfies the principal's obligation, it is entitled to reimbursement or restitution from the principal."); *Doster v. Cont'l Cas. Co.*, 268 Ala. 123, 105 So. 2d 83, 85–86 (1958) ("Upon the payment by surety of the debt, for which is he bound, it being then due, a right of action for reimbursement arises in his favor against the principal."). In fact, "the rule in most jurisdictions is that '[a]

7

surety is entitled to reimbursement pursuant to an indemnity contract for any payments made by it in a good faith belief that it was required to pay, regardless of whether any liability actually existed.' " *Frontier Ins. Co. v. Int'l, Inc.*, 124 F. Supp. 2d 1211, 1213 (N.D. Ala. 2000) (quoting *Employers Ins. of Wausau v. Able Green, Inc.*, 749 F. Supp. 1100, 1103 (S.D. Fla. 1990)). "The only exception ... arises when the payment has been made 'through fraud or lack of good faith' on the part of the surety...." *Fidelity & Deposit Co. v. Bristol Steel & Iron Works*, 722 F.2d 1160, 1163 (4th Cir. 1983) (quoting *Engbrock v. Federal Ins. Co.*, 370 F.2d 784, 786 (5th Cir. 1967)).

> In addition to rights created under common law and valid indemnity agreements, a surety's right to reimbursement in Alabama is codified through legislation providing for the indemnification of a surety for liabilities caused by a principal's default. The Alabama Code provides that "[p]ayment by a surety ... of a debt past due entitles him to proceed immediately against his principal for the sum paid, with interest thereon, and all legal costs to which he may have been subjected by the default of the principal." Ala. Code. § 8–3–5 (1975). Thus, based contract principles and applicable law, if a surety sufficiently demonstrates that it has made payments on bonds issued on behalf of its principal, the surety may recover those payments, interest, expenses, and attorney's fees.

*Hanover Ins. Co. v. Hudak & Dawson Const.*, 946 F. Supp. 2d 1208, 1218-19 (N.D. Ala. 2013).

Paragraph 2 of the GAI signed by Defendants contains the following language:

> The Indemnitors agree and bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, to indemnify and save harmless Surety from and against any and all liability, loss, costs, damages or expenses of whatever nature or kind

8

and arising out of or in any way connected with such Bonds, including but not limited to fees of attorneys and other expenses, costs and fees of investigation, adjustment of claims, procuring or attempting to procure the discharge of such bonds and attempting to recover losses or expenses from Indemnitors or third parties, whether the Surety shall have paid or incurred same as aforesaid.

(Doc. 35-2 at ¶ 2.). Paragraph 2.A. additionally states as follows:

Surety shall have the right in its sole discretion to determine whether any suits or claims shall be paid, compromised, defended, prosecuted or appealed and to pay out such sums as it deems necessary to accomplish any of those purposes and its determination as to whether such suit or claims should be settled or defended shall be binding and conclusive on Indemnitors...in any claim or suit hereunder, an itemized statement of aforesaid loss and expense, sworn to by an officer or agent of Surety, or the vouchers or other evidences of disbursement by Surety, shall be prima face evidence of the fact and extent of the liability hereunder of Indemnitors.

(Doc. 35-2 at ¶ 2.A.). Finally, paragraph 2.C. states as follows:

If the surety has cause to enforce the terms of this indemnity agreement by filing suit against indemnitors to recover sums due under this Agreement, it is understood by the Principal and Indemnitors that the Surety may recover it further expenses of such litigation, accrued interest and including 25% of such sums as attorney's fees. Any debt accrued by the surety, on behalf of Principal and Indemnitors will accrue interest of 12% per annum.

(Doc. 35-2 at ¶ 2.B.). The record reflects that John and Kathleen Peavy executed the GAI in their individual capacities and they do not dispute that they are bound by its terms. There is, likewise, no dispute that ASIC received payment bond claims on bond numbers 61154, 61894, 61880, 61176, 61168, and 61876. (Doc. 35-1 at 3, 7). Moreover, ASIC has presented undisputed evidence that it has incurred losses in the satisfaction of payment and performance bond claims on bonds issued on behalf

9

of Peavy Construction Company in the amount of $266,716.51 (Doc. 35-1 at 1-53) and Defendants have not presented any facts or argument that ASIC made payment 'through fraud or lack of good faith' such that ASIC should be excepted from reimbursement. Defendants also do not dispute that Plaintiff is contractually entitled to attorneys' fees and costs.[5] Lastly, despite being given an extended time period in which to respond after initially failing to timely respond to Plaintiff's motion, Defendants have not presented any facts or argument disputing that summary judgment is due to be granted. Rather, John Peavy notified this Court via letter that he was operating under the belief that this action had been settled. (Doc. 36).[6] In reply, Plaintiff has presented multiple correspondences and documents describing the evolution of the potential settlement to which Defendant referred and it is clear that the parties were not in agreement as to whether the settlement agreement had been executed or the payments made. (Doc. 39, generally; Docs. 39-

---

[5] Per the GAI, Plaintiff is entitled 25% of all amounts recovered through suit as attorney's fees (Doc. 35-2, ¶ 2.B.). However, in the instant case, Plaintiff's counsel and ASIC have an agreement for payment of an hourly rate which results in a lower amount of fees than if calculated at 25% of ASIC's loss plus interest. For purposes of this action only, ASIC's stipulates that its attorney's fees for prosecuting this action may be calculated based on the hourly fee agreement it has with undersigned counsel. (Doc. 35 at 9).

[6] Defendant Peavy indicated that he thought this action was settled and attached an unexecuted settlement agreement. (Doc. 36 at 2-4). Defendant also indicated that despite the agreement not being executed, he had continued to make payments according to the agreement's terms. (*Id.* at 1). None of the information provided in Defendant's letter indicates that this action was actually settled and Defendants made no attempt to address the issues before this Court per Plaintiff's motion. (Doc. 36, generally).

1 to 39-13). In fact, Defendant Peavy's handwritten letter also acknowledges that "I never received an executed copy of the agreement" and ultimately learned that "payments had not been deposited and credited." (Doc. 38 at 1). Regardless of Defendants' beliefs as to the status of this case, this action has remained active and Plaintiff's motion for summary judgment is ripe for consideration.[7]

Based on the record before this Court, there is no dispute of material fact on which a jury could find in favor of Defendants. As such, Plaintiff is entitled to summary judgment as a matter of law. Per the executed GAI, Plaintiff is additionally entitled to recover attorneys' fees associated with the litigation of this action. In that regard, Plaintiff should submit a final accounting of its reasonable attorneys' fees to this Court by not later than April 26, 2019. Should Defendants object to the amount of fees costs submitted by Plaintiff, their objection should be filed by no later than May 3, 2019.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment (Doc. 34) is hereby **GRANTED**. Plaintiff is Ordered to submit a final accounting of its requested attorneys' fees by not later than April 26, 2019. Should Defendants object to the amount of fees submitted by Plaintiff, their objection should be filed by

---

[7] The letter additionally requested additional time for Defendants to negotiate a settlement. However, given the facts of this action and the amount of time that it has been pending, this Court does not find that additional time is warranted.

not later than May 3, 2019.

**DONE** and **ORDERED** this 12th day of April, 2019.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE