IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| AMERICAN SOUTHERN INSURANCE COMPANY | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| vs. | | CIVIL ACTION NO. 17-0385-CG-N |
| PEAVY CONSTRUCTION COMPANY, INC., JOHN R. PEAVY, AND KATHLEEN PEAVY, Individually, Separately and Severally, | | |
| Defendants. | | |

### ORDER

This matter is before the Court on Plaintiff American Southern Insurance Company's ("ASIC's"), Final Accounting of Attorneys' Fees (Doc. 41). Plaintiff seeks and award of attorneys' fees in the amount of $28,070.12. Upon consideration of the petition and exhibits presented unto the Court, the petition is **GRANTED** and Plaintiff is awarded attorneys' fees in the amount of $28,070.12.

### I. The Attorney's Fee Standard

This Court has previously determined that Plaintiff is entitled to an award of attorney's fees. (Doc. 40). Additionally, Defendant was given an opportunity to object to the final accounting of attorneys' fees submitted by Plaintiff but made no such objection. Therefore, the Court will determine whether the amount sought by Plaintiff is reasonable.

Generally, "[t]he starting point for calculating a reasonable attorney's fee is

"the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" for the attorney's services. *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)*. To make this determination, the district court should consider the relevant factors among the twelve factors identified in *Johnson v. Georgia Highway Express, Inc.*[1] *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Johnson*, 488 F.2d 714, 717–719 (5th Cir. 1974)). The product of these two numbers is referred to as the "lodestar" and there is a strong presumption that the lodestar represents a reasonable fee. *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 552 (2010).

After calculating the lodestar, "[t]he court may then adjust the lodestar to reach a more appropriate attorney's fee, based on a variety of factors, including the degree of the plaintiff's success in the suit." *Assoc. of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006). "When the number of compensable hours and the hourly rate are reasonable, a downward adjustment to the lodestar is merited only if the prevailing party was partially successful in its efforts." *Bivins*, 548 F.3d at 1350–51; *Cf. Mock v. Bell Helicopter Textron, Inc.*, 456

---

[1] The Fifth Circuit instructed the district court to consider, on remand, the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment caused by accepting the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the attorney's experience, reputation, and ability; (10) the "undesirability of the action; (11) the nature and length of the relationship between the attorney and client; and (12) awards in similar cases. 488 F.2d 714, 717–19.

F. App'x 799, 802 (11th Cir. 2012) (affirming a 25% reduction for lack of success in an ADEA action).  The presumption that the lodestar is reasonable "may be overcome" and the lodestar enhanced "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue*, 559 U.S. at 554 (citations omitted).  The fee applicant "must produce specific evidence" that the "enhancement was necessary to provide fair and reasonable compensation." *Perdue*, 559 U.S. at 553 (citations omitted).

Although the "*Johnson* factors are to be considered in determining the lodestar figure; they should not be reconsidered in making either an upward or downward adjustment to the lodestar — doing so amounts to double-counting." *Bivins*, 548 F.3d at 1349 (citing *Burlington v. Dague*, 505 U.S. 557, 562–563 (1992); *Perdue*, 559 U.S. at 553 ("an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation."); *Barnes v. Zaccari,* 592 F. App'x 859, 871 (11th Cir. 2015) (citing *Bivins*, 548 F.3d at 1349).

A. <u>Reasonable hourly rate</u>

The reasonable hourly rate is generally "the prevailing market rate in the legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–896 n. 11, 104 S.Ct. 1541 (1984); *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The "relevant market" is the "place where the case is filed." *American Civil Liberties Union of Ga. v. Barnes,* 168 F.3d 423, 437 (11th Cir.

3

1999) (citation and internal quotation marks omitted). The fee applicant "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman*, 836 F.2d at 1299. In determining a reasonable hourly rate, *Johnson* factors three and nine—"the skill requisite to perform the legal service properly" and "the attorney's experience, reputation and ability"—may be considered. Further, although the Court does not give controlling weight to prior awards, those awards are relevant and instructive in determining whether the "requested rate is in line with prevailing market rates" in this judicial district for attorneys of reasonably comparable skill, experience, and reputation to that of Ladenheim seeking an award of fees. *Norman*, 836 F.2d at 1299. Also, the court is familiar with the prevailing rates in this district and may rely upon its own "knowledge and experience" to form an "independent judgment" as to a reasonable hourly rate. *Loranger v. Stierheim*, 10 F. 3d 776, 781 (11th Cir. 1994) (citing *Norman*, 836 F. 2d at 1303).

Plaintiff seeks attorneys' fees for the efforts of its counsel, Brian Miller of Brown & Ruprecht, PC, formerly of Wright & Green P.C, and James P. Green of Wright & Green P.C. for the time they spent litigating this action from April 2016 to April 2019. (Docs. 41, 41-1, 43, 43-1, 43-2). Plaintiff's counsel seek an hourly rate of $190.00. Initially, in support of its request, ASIC referred to copies of the checks paid to Wright Green, P.C in the amounts of $2,094.39, $8,004.50, and $2,511.08 for its representation of ASIC from August 2017 to November 2018 (Doc. 35-1 at 54-57) and Mr. Miller submitted an Affidavit and an itemization of the

4

hours he billed with the description of the work performed from January 2019 to April 2019 and that amount totals $12,781.15. (Docs. 41; 41-1). According to the pleading and Affidavit ASIC sought $28,070.12 in attorney's fees. (*Id*.) However, upon review of the documents submitted, this Court ordered ASIC to supplement its final accounting so that this Court could determine the reasonableness of the total amount of fees sought, not just the amount sought from January 2019 to April 2019. (Doc. 42). In response, ASIC resubmitted its motion seeking $28,070.12 in attorneys' fees along with an amended Affidavit of Mr. Miller and an itemization of the hours billed by both Mr. Miller and Mr. Green from April 2016 to April 2019. (Doc. 43-1). The Amended Affidavit indicates that the total amount of fees billed to ASIC was $33,523.12. (*Id*.) No mention is made of the difference in the fees sought and the fees calculated per the Amended Affidavit and supporting itemization and the final accounting filed by Plaintiff.

As to skill and experience, Miller has twenty four years' experience. (Doc. 41-1 at 1). Mr. Green was admitted to the Alabama bar in 1979. (Doc. 43-1). Mr. Miller attests that an hourly rate of $190 an hour is in accordance with the fees that are customarily charged by attorneys who handle similar claims in Mobile, Alabama. Again, Defendant has not objected to the amount of attorneys' fees being sought. Upon consideration of the relevant *Johnson* factors and the submissions of counsel and based on this Court's own knowledge and experience, the Court finds $190 per hour is a reasonable hourly rate.

B. <u>Hours reasonably expended</u>

5

"Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434. Therefore, a district court should not allow any hours which are "excessive, redundant, or otherwise unnecessary", such as hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman*, 836 F.2d at 1301 (emphasis omitted). "Redundant hours generally occur when more than one attorney represents a client", although "they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Id.* at 1301–02.

Generally, "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board-cut." *Bivins*, 548 F.3d at 1350 (citation omitted). If the district court employs an across-the-board cut, it must "provide a concise but clear explanation of its reasons for the reduction." *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

To determine the hours reasonably expended, the Court may consider the first and second *Johnson* factors: the time and labor required and the novelty and difficulty of the question. A review of the submissions indicates that Mr. Green billed 12.8 hours for his involvement in this action and Mr. Miller billed 159.1 hours for his involvement from June 2017 to April 2019. The itemization submitted to

6

this Court indicates that the total hours billed to ASIC included the following tasks: pre-suit communications relating to bond claims and indemnification, research and investigation of claims; drafting of Complaint; multiple and continued correspondences with the parties regarding the status of case and satisfaction of terms of a previous proposed settlement; Draft, edit, and revision of a Motion for Summary judgment and all supporting documents including an affidavit; and draft and revise reply to response to summary judgment. (Doc. 41-1). Considering the relevant *Johnson* factors and the history of this action, the Court finds that the hours expended in this action by counsel are reasonable. However, despite its effort, this Court is unable to reconcile the amount of fees requested per ASIC's final accounting ($28,070.12) (Docs. 41,43) and the amount itemized ($33,523.12). (Doc. 43-1).

C. Calculating the lodestar

The Court has determined that Plaintiff is entitled to an hourly rate of $190 per hour for the services performed by Miller and Green and that counsel reasonably expended 171.9 hours in this action. Accordingly, the lodestar is $32,661.[2] However, based on ASIC's request for fees in the amount of 28,070.12, a lack of explanation between the requested amount and the amount referred to in the Amended Affidavit, the Court finds it necessary to adjust the lodestar in this action to the requested amount of $28,070.12.[3]

---

[2] This amount differs slightly from the billed $33,523.12 because the total billed
[3] Because the discrepancy is unexplained and because the itemization submitted with the Amended Affidavit relates to fees which were paid prior to ASIC's motion

7

## III. CONCLUSION

Based upon consideration of the above analysis, attorneys' fees are **AWARDED** to Plaintiff in the amount of $28,070.12 for attorneys' fees incurred in litigating this action.

**DONE** and **ORDERED** this 4th day of June, 2019.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE

---

for summary judgment being filed, it appears that the more accurate amount is that reflected by adding the amounts of the checks paid by ASIC (Doc. 35-1 at 54-57) plus the amounts that counsel indicates was billed in the months following (Doc. 43, 43-1). Otherwise, by awarding $33,523.12, ASIC would be reimbursed for amounts that were billed (per the itemization) but were never paid (per the checks) for whatever reason.